UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD JOHN MISTURAK, JR., : | |
|     Plaintiff, : | |
| : | |
| v. : | NO. 18-cv-1549 |
| : | |
| DEL. COUNTY – JAIL MENTAL : | |
| HOSPITAL, *et al.*, : | |
|     Defendants. : | |

## MEMORANDUM

Joseph F. Leeson, Jr.                                                                                          May 3, 2018
**United States District Judge**

      Plaintiff Ronald John Misturak, Jr., who is proceeding *pro se* and *in forma pauperis*, filed an Amended Complaint, which appears to raise claims based on a series of unrelated events including events going back to 1999. For the following reasons, the Court will dismiss Misturak's Amended Complaint for failure to comply with Federal Rule of Civil Procedure 8 and for failure to state a claim.

### I.     FACTS AND PROCEDURAL HISTORY

Misturak filed this civil action on April 12, 2018. In an Order docketed on April 17, 2018, the Court granted Misturak leave to proceed *in forma pauperis* and dismissed his Complaint for failure to comply with Federal Rule of Civil Procedure 8(a) and for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Order explained the basis for the dismissal as follows:

> Mr. Misturak's Complaint is difficult to understand. His allegations are similar to a prior complaint that he filed in this Court, which was dismissed for failure to state a claim, and which he references in the instant case. *See Misturak v. Del. Cty. – Jail Mental Hosp.*, E.D. Pa. Civ. A. No. 17-5276. The majority of Mr. Misturak's Complaint is based upon a series of disjoined words, phrases, dates, and letters, such as "speak spell wagon wheel," that do not give rise to a clear basis for a claim against any of the named Defendants. (Compl. at ECF No. 2 at 5.) Liberally construing the Complaint, Mr. Misturak may be bringing claims pursuant to 42 U.S.C. § 1983, based on, among other things, the conditions of confinement at the Delaware County Jail, as well as allegations that he was subjected to excessive force in 1999 when he claims two correctional officers "rolled him around on [his] neck" and apparently broke his neck. (*Id.* at 10.) He also alleges that he was assaulted by a police officer in November of 2011.
>
> Overall, it is not clear how any of the named Defendants are responsible for violating Mr. Misturak's rights, nor is it clear what conditions or events he is challenging. Furthermore, the Complaint references dates going back several decades, which suggests that several claims may be barred by the two-year statute of limitations, including any excessive force claims based on incidents that occurred in 1999 and 2011. *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007). Accordingly, the Court will dismiss the Complaint.

(Order, ECF No. 4, ¶ 2 (footnote omitted).) Misturak was given leave to amend.

Misturak submitted a document that appears to be an Amended Complaint in this matter. (*See* Am. Compl. ECF No. 6.) Like the original Complaint, the Amended Complaint is difficult to understand and appears to be based on a series of disjointed events going back to 1999. Misturak alleges that, in 1999, an unknown correctional officer at the Delaware County Jail "push[ed] [his] head to give [him] whip lash to retelligation [sic] SMU." (Am. Compl. at 1.)[1] He also appears to be raising a claim because someone "failed to stop C/O that give [him] whiplash whyll [sic] putting [him] in hand-cuffs to SMU." (*Id.*)

The Amended Complaint also appears to be raising claims based on events that took place at the Delaware County Jail in November of 2011. Misturak appears to be alleging that he was

---

[1] The Court uses the pagination assigned to the Amended Complaint by the CM-ECF system.

placed in the SMU from November 2nd to November 5th of 2011 for nothing or in "retelliation [sic] me of talk add up too kill me what on video." (*Id.* at 2.) He also appears to be raising allegations related to medication he received in April of 2011, possibly at the Norristown State Hospital.

The Amended Complaint also raises unclear allegations about welfare payments. Misturak's sentence fragments state "name unknown welfare super 5 incident March 1, 2017" and "cut me off some fund to combond [sic] something that mean's [sic] a change." (*Id.*) It appears he might be contending that his SSI benefits were terminated. (*Id.* at 3.)

Misturak also appears to be raising claims related to a court case identified as "01-3223." (*Id.*) He alleges that in August of 2002, he was denied "judgment for case with Judge and people getting shoot [sic] outside in front were I can't get in with court date June second week 2014. To appeal. To back down to him to denied of proceed to start over." (*Id.*)

The Amended Complaint then turns to allegations about a 911 call. Those allegations are as follows:

> Called 911 of matches ask no too $20.00 no change for to buy call 911 explain its record I can't lie on the phone lift his post to ask you know your fired. To hit me with brass knockes and handcuffs in the face x-rays to MRI at Hospital.

(*Id.*) This allegation may relate to the 1999 or 2011 incidents, although it is unclear.

Misturak's final allegations concern a case he previously filed in this Court, *Misturak v. Del. County – Jail Mental Hospital*, Civ. A. No. 17-5276. In that case, the Court granted Misturak leave to proceed *in forma pauperis* and dismissed the Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), because Misturak premised his Complaint on disjointed words and phrases. Misturak was given leave to file an amended complaint within

thirty (30) days of the Court's November 28, 2017 Order.  As he failed to do so, the Court dismissed his case.  The Court also denied Misturak's Motion for Counsel.

In the instant Amended Complaint, Misturak states "investigation fraud Dec 28, 2017 of over 30 day to put more information of investigation of clerk said its ok to put unknown of change name to address and will investigate if basis for jurisdiction."  (Am. Compl. at 4.)  He adds that "Judge investigation wasn't good enough of 17-5276 case."  (*Id.* at 5.)

It is not clear what relief Misturak seeks through this action.  It is also not clear who he is naming as Defendants in this case and how his factual allegations relate to those Defendants.

## II.     STANDARD OF REVIEW

As Misturak is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Amended Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  As Misturak is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief."  A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well

disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

### III. DISCUSSION

#### A. Failure to Comply with Rule 8

Misturak's Amended Complaint fails to comply with Federal Rule of Civil Procedure 8(a) because it does not make clear to the Court or the Defendants who he intends to sue and what the basis for his claims are against each Defendant. Misturak's allegations are unclear and disjointed, which makes it difficult for the Court to understand what happened to Misturak, why he is bringing this lawsuit, and whether he has any basis for a plausible claim.

#### B. Claims Based on 1999 and 2011 Events

Misturak appears to be pursuing claims based on the circumstances of a 1999 arrest and the conditions in which he was confined at the Delaware County Jail (and possibly Norristown State Hospital) in 1999 and 2011. Assuming that Misturak intends to raise constitutional claims pursuant to 42 U.S.C. § 1983, his claims are time-barred. As previously explained to Misturak, a two-year statute of limitations applies to such § 1983 claims. *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007). The limitations period began to run from the time Misturak "knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998). As

Misturak did not file this case until April 12, 2018, his claims based on the events of 1999 and 2011 are time-barred.

### C. Claims Based on Court Case 01-3223

It appears that Misturak may be raising claims based on his dissatisfaction with a judgment entered against him in a prior case identified as 01-3223, which was presumably filed in state court. If he is seeking to challenge that judgment through this lawsuit, his claims fail. Pursuant to the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). In that regard, the *Rooker-Feldman* doctrine deprives a federal district court of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 166 (quotations omitted). Thus, if Misturak is challenging a judgment entered against him by a state court, this Court lacks jurisdiction to review that claim. Furthermore, if Misturak is bringing claims against the Judge who presided over that case based on the manner in which the case was handled, his claims fail because the judge is entitled to absolute judicial immunity.[2] *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam).

### D. Claims Based on 17-5276

Misturak has also failed to state a claim based on his prior case in this Court, Civil

---

[2] One of the Defendants listed in the caption is "Judge in 01-3223 case McCrea Freed to Get Impeached Over."

Action Number 17-5276. Although his allegations are unclear, it appears he is unhappy about the way that case was handled. However, he has not set forth a basis for a constitutional claim. If Misturak sought additional time to file an amended complaint in that case or if he sought to appeal the Court's judgment, he could have done so.

### E. Claims Based on Social Security Benefits

To the extent Misturak is challenging decisions made by the Social Security Administration regarding his benefits on March 1, 2017, he must first exhaust his remedies with the agency. "Jurisdiction over Social Security benefits cases, including SSI cases, is provided by 42 U.S.C. § 405(g), which provides, in relevant part: '[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party[,] ... may obtain a review of such decision by a civil action . . . .'" *Callender v. Soc. Sec. Admin.*, 275 F. App'x 174, 175 (3d Cir. 2008) (per curiam). "A 'final decision' of the Commissioner exists only after a claimant has exhausted a four-step administrative process which requires: 1) an initial determination; 2) reconsideration upon request; 3) a hearing before an administrative law judge; and 4) a review by the Appeals Council." *Brown v. Comm'r of Soc. Sec.*, No. CV 17-1123 (SDW), 2017 WL 5618623, at *1 (D.N.J. Nov. 20, 2017) (citing 20 C.F.R. § 416.1400(a)(5)). Here, it is not clear that Misturak has completed the administrative process and, in any event, he failed to name the Commissioner of Social Security as a Defendant in this case.

### IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Misturak's Complaint for failure to comply with Rule 8(a) and for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). In light of Misturak's filings in this case and his prior case, the Court concludes that further attempts at

amendment would be futile, especially as it appears that Misturak does not have a basis for a timely claim.  Accordingly, the Court will dismiss this case with prejudice with the exception of Misturak's social security claims, which the Court will dismiss without prejudice to Misturak filing a new civil action for review of the denial of benefits if and when he exhausts administrative remedies.  An appropriate Order follows, which shall be docketed separately.

                        **BY THE COURT:**

                        */s/ Joseph F. Leeson, Jr.*
                        **JOSEPH F. LEESON, JR.**
                        **United States District Judge**